UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF OHIO

05 APR 13 PM 12:06

| | | |
|---|---|---|
| **DWIGHT L. RIFE JR.** | : | |
| **117 Misty Meadows Drive** | | |
| **Newark, OH 43056** | : | |
| | | **C 2  06   2 6 7** |
| **And** | : | Case No. _____ |
| | : | |
| **SALLY M. RIFE** | | |
| **117 Misty Meadows Drive** | : | JUDGE **JUDGE SARGUS** |
| **Newark, OH 43056** | | |
| | : | **MAGISTRATE JUDGE ABEL** |
| **vs.** | | |
| | : | |
| **MATRIXX INITIATIVES, INC.** | : | **JURY DEMAND** |
| **4742 North 24th Street** | | **ENDORSED HEREON** |
| **Suite 455** | : | |
| **Phoenix, Arizona 85016** | | |
| | : | |
|     **Statutory Agent:** | | |
|     **CT Corporation Systems** | : | |
|     **3225 N. Central Avenue** | | |
|     **Phoenix, AZ 85012** | : | |
| **And** | | |
| | : | |
| **ZICAM, LLC** | | |
| **4742 North 24th Street** | : | |
| **Suite 455** | | |
| **Phoenix, Arizona 85016** | : | |
| | | |
|     **Statutory Agent:** | : | |
|     **CT Corporation Systems** | | |
|     **3225 N. Central Avenue** | : | |
|     **Phoenix, AZ 85012** | | |

1

## COMPLAINT

**General Allegations**

1. At all pertinent times stated herein, plaintiff Dwight L. Rife, Jr. (hereinafter referred to as "plaintiff Rife") was and is a resident of the County of Licking, City of Newark, State of Ohio.

2. At all pertinent times stated herein, plaintiff Sally M. Rife was and is a resident of the County of Licking, City of Newark, State of Ohio.

3. At all pertinent times stated herein, Defendant Matrixx Initiatives, Inc. (hereinafter referred to as "Matrixx) was and is a Delaware Corporation with its principal place of business at 4742 North 24th Street, Suite 455, Phoenix, Arizona 85016, and conducts business in and throughout the State of Ohio.

4. At all pertinent times stated herein, Zicam LLC is known to be a wholly owned subsidiary of Defendant Matrixx, and conducted business in and throughout the State of Ohio.

5. At all pertinent times stated herein, there existed a complete diversity of citizenship, pursuant to 28 U.S.C §1332.

6. At all pertinent times stated herein, the amount in controversy exceeds $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS) exclusive of interests, costs and attorney fees.

2

**Factual Allegations**

7.    Defendant Matrixx is engaged in the development, manufacture and marketing of over the counter pharmaceuticals, including Zicam Cold Remedy Nasal Gel.

8.    Defendant Zicam, LLC is a wholly owned subsidiary, member, or other organization that markets, distributes, produces and sells Zicam Cold Remedy Nasal Gel.

9.    Zicam Cold Remedy Nasal Gel is packaged in various manners and with various delivery systems, all of which are developed, manufactured and marketed by or with the express consent of Defendant Matrixx.

10.    Zicam Cold Remedy Nasal Gel was and is a "product" as defined by R.C. § 2307.71.

11.    One such version of Zicam Cold Remedy Nasal Gel is developed, marketed and manufactured by Defendant Matrixx in a nasal spray format.

12.    Zicam Cold Remedy Nasal Spray contains zinc gluconate.

13.    If used as directed, Zicam Cold Remedy Nasal Spray delivers the Zicam Cold Remedy Gel to the nasal membranes.

14.    Zicam Cold Remedy Nasal Spray, (hereinafter referred as "the product") nor its label, has ever has been approved for safety and/or efficacy by the Food and Drug Administration.

3

15. Sometime during February of 2001, Plaintiff Rife purchased a bottle of Zicam Cold Remedy Nasal Spray from a location in Pataskala, Ohio and proceeded to use the product as directed on the packaging.

16. Upon using the product the first time, Plaintiff Rife experienced a severe burning sensation in his nose, which caused his eyes to water, and within three to four days after using the product, for some unknown reason, noticed that he had completely lost his sense of smell and taste.

17. Though no treating physician identified the cause, Plaintiff Rife was informed that the loss of smell (anosmia), was permanent.

18. In early October, 2005, Plaintiff Rife first learned that Zicam Cold Remedy Nasal Spray had been associated with the loss of smell.

19. Plaintiff Rife was a foreseeable user of this product and used it in a reasonably foreseeable manner.

**COUNT ONE: DWIGHT L. RIFE JR. V. DEFENDANT MATRIXX**

20. Plaintiff hereby fully incorporates by reference paragraphs one (1) through nineteen (19) as if fully rewritten herein.

21. Defendant Matrixx designed, manufactured, marketed, retailed, and/or sold either the Zicam Cold Remedy Nasal Spray or a component ingredient thereof.

22. When the product left the defendant's place of manufacture for the sale and marketing:

4

a.  The product was defective in manufacture or construction in that it deviated in a material way from the design specifications, formula or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula or performance standards.

b.  The product was defective in design or formulation in that the foreseeable risks associated with the products design or formulation exceeded the benefits associated with its design or formulation; the product was more dangerous than the ordinary consumer or user would expect when using it in an intended or reasonably foreseeable manner; and a technically foreseeable design was available.

c.  Defendant failed to adequately warn or instruct users or consumers about the product's hazards even though defendant knew or should have known about the risks associated with the product;

d.  Defendant failed to provide adequate post-marketing warnings or instructions which an individual or company exercising reasonable care would have provided when considering the risks and likelihood of the product causing harm: and

e.  The product did not conform to the representations made by defendant regarding its performance and safety.

5

23.     In addition or in the alternative, defendant negligently designed, manufactured, marketed, retailed and sold the product; and was negligent in its after marketing conduct.

24.     As a direct and proximate result of the defective product, and/or the acts, conduct, negligence, and violation of Ohio law by Defendant Matrixx, plaintiff Rife, suffered injuries and damages including the complete, total and irreversible loss of smell (anosmia), and taste.

25.     As a direct and proximate result of the defective product and/or acts, conduct, negligence and Violation of Ohio law by Defendant Matrixx, Plaintiff has required necessary medical care, attention and treatment, and will continue to require such care in the future, all with resulting suffering and expense.  Plaintiff has suffered and will suffer in the future physical pain, mental anguish, nervous and emotional damages and disorder, and impairment of health and the loss of the pleasures of life.

COUNT TWO:     DWIGHT L. RIFE V. DEFENDANT ZICAM LLC.

26.     Plaintiff hereby fully incorporates by reference paragraphs one (1) through twenty-five (25) as if fully rewritten herein.

27.     At all pertinent times stated herein, Defendant Zicam LLC was and is a wholly owned subsidiary of Defendant Matrixx and is therefore liable under the doctrine of successor liability and respondeat superior.

6

28.     As a direct and proximate result of the defective product, and/or the acts, conduct, negligence, and violation of Ohio law by Defendant Zicam, LLC, plaintiff Rife, suffered injuries and damages as hereinbefore mentioned.

COUNT THREE:     SALLY M. RIFE. V. DEFENDANT MATRIXX

29.     Plaintiff hereby fully incorporates by reference paragraphs one (1) through twenty-eight (28) as if fully rewritten herein.

30.     At all pertinent times stated herein, Plaintiff Sally M. Rife, was and is the spouse of Plaintiff Rife.

31.     As a direct and proximate result of the injuries suffered by Plaintiff Rife as a result of the defective product, and/or the acts, conduct, negligence, and violation of Ohio law by Defendant Matrixx, plaintiff Sally M. Rife suffered a loss of consortium.

COUNT FOUR     SALLY M. RIFE V. ZICAM, LLC

32.     Plaintiff hereby fully incorporates by reference paragraphs one (1) through thirty-one (31) as if fully rewritten herein.

33.     At all pertinent times stated herein, Plaintiff Sally M. Rife, was and is the spouse of Plaintiff Rife.

34.     As a direct and proximate result of the injuries suffered by Plaintiff Rife as a result of the defective product, and/or the acts, conduct, negligence, and violation of Ohio law by Defendant Matrixx, plaintiff Sally M. Rife suffered a loss of consortium.

WHEREFORE, Plaintiff Rife demands judgment against Defendant

Matrixx in an amount in excess of $75,000.00 (seventy-five thousand dollars) and

his costs herein.

WHEREFORE Plaintiff Rife demands judgment against Defendant Zicam

LLC in an amount in excess of $75,000.00 (seventy-five thousand dollars) and his

costs herein.

WHEREFORE, Plaintiff Sally M. Rife demands judgment against

Defendant Matrixx in an amount in excess of $75,000.00 (seventy-five thousand

dollars) and her costs herein.

WHEREFORE, Plaintiff Sally M. Rife demands judgment against

Defendant Zicam LLC in an amount in excess of $75,000.00 (seventy-five

thousand dollars) and her costs herein.

Respectfully Submitted,

James B. Blumenstiel          (009164)

Aaron R. Falvo                      (0076301)
Blumenstiel, Huhn, Adams & Evans, LLC
261 W. Johnstown Rd.
Columbus, OH 43230
Phone:        614-475-9511
Fax:            614-475-0348

Attorneys for Plaintiff

8

## JURY DEMAND

It is respectfully requested that the issues in the above-mentioned matter be tried before a jury.

_____
Attorney for Plaintiff