IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DWIGHT RIFE, JR., et al.,**
    **Plaintiffs,**

v.

Case No. 2:06-CV-267
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

**MATRIXX INITIATIVES, INC., et al.,**
    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #3). For the reasons that follow, the motion is denied without prejudice to renewal.

### I.

Plaintiff, Dwight L. Rife, Jr. ["Plaintiff"], brings this action against Matrixx Initiatives, Inc., and Zicam, LLC, alleging product liability claims under Ohio law. Plaintiff claims that his use of Zicam Cold Remedy Nasal Spray caused him to permanently lose his sense of smell and taste. Plaintiff's wife, Sally Rife, asserts a derivative claim for loss of consortium. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Matrixx Initiatives, Inc. ["Matrixx"] develops, manufactures, and markets over the counter pharmaceuticals, including Zicam Cold Remedy Nasal Gel. (*Complaint* at ¶ 7). Zicam, LLC ("Zicam") is a wholly owned subsidiary that markets, distributes, produces, and sells Zicam cold Remedy Nasal Gel. (*Id.* at ¶ 8). One version of Zicam Cold Remedy Nasal Gel is manufactured in a Nasal Spray form. (*Id.* at ¶ 11). The Nasal Spray contains zinc gluconate.

(*Id.* at ¶ 12). When used as directed, Zicam Cold Remedy Nasal Spray delivers the Zicam Cold Remedy Gel to the nasal membranes. (*Id.* at ¶ 13).

Plaintiff purchased a bottle of Zicam Cold Remedy Nasal Spray in February of 2001. Plaintiff claims that he used the product for the first time as directed on the packaging and "experienced a severe burning sensation in his nose, which caused his eyes to water, and within three to four days after using the product, for some unknown reason, noticed that he had completely lost his sense of smell and taste." (*Id.* at ¶ 16). Plaintiff claims that, although no treating physician identified the cause of Plaintiff loss of smell, Plaintiff was informed that the loss is permanent. (*Id.* at ¶ 17).

In this action, Plaintiff claims that the Zicam Cold Remedy Nasal Spray product is defective in its manufacture, its design and formulation and that Defendants failed to adequately warn consumers as to the hazards of the product. (*Id.* at ¶ 22). Defendants move to dismiss Plaintiffs' Complaint in its entirety on the basis that the claims are barred by the two-year statute of limitations set forth in Ohio Revised Code § 2305.10(A).

The Court notes at the outset that, in opposing the Defendants' motion, Plaintiff has submitted an affidavit. Under Fed. R. Civ. P. 12(b), if a matter outside the pleadings is presented to and not excluded by the court, the motion is to be treated as one for summary judgment under Rule 56 and the Defendants are to be allowed an opportunity to present material pertinent to a Rule 56 motion. For the reasons stated below, the Court finds no reason to treat the present motion as one under Rule 56. Thus, the Plaintiff's affidavit will be excluded from consideration. The Court now proceeds to consider the merits of the Defendants' Motion to Dismiss.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a Defendant, by motion, to raise the defense of a Plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6) "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 42, 45-46 (1957). The Court is authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *See Schuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III.

In moving to dismiss the Complaint, the Defendants contend that Plaintiff's product liability claim is untimely because Plaintiff did not file this case until more than five years after

3

his alleged injury occurred. Defendants argue that the two year statute of limitations in R.C. § 2305.10(A) applies to Plaintiff's claim.

> R.C. § 2305.10 provides, in relevant part:
>
> (A) Except as provided in division (C) or (E) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues. Except as provided in divisions (B)(1), (2), (3), (4), and (5) of this section, a cause of action accrues under this division when the injury or loss to person or property occurs.
>
> (B)(1) For purposes of division (A) of this section, a cause of action for bodily injury that is not described in division (B)(2), (3), (4), or (5) of this section and that is caused by exposure to hazardous or toxic chemicals, ethical drugs, or ethical medical devices accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first.

According to the Defendants, Zicam Cold Remedy Nasal Spray is not an "ethical drug" because "ethical drug" is defined as "a prescription drug that is prescribed or dispensed by a physician or any other person who is legally authorized to prescribe or dispense a prescription drug." § 2307.71(A)(4). It is undisputed that Zicam Cold Remedy Nasal Spray is not a prescription drug.

In response, Plaintiff argues that Zicam Cold Remedy Nasal Spray contains zinc gluconate, which can be considered a "hazardous or toxic chemical[ ]" for purposes of the exception contained in § 2305.10(B)(1). Plaintiff further claims that since he first learned in early October 2005 that Zicam Cold Remedy Nasal Spray had been associated with a loss of sense of smell (*Complaint* at ¶ 18), this action (filed on April 13, 2006) is timely. Defendants contend that there is no authority to suggest that the "hazardous or toxic chemicals" exception is

4

intended to apply to the component parts of a product.

The Court notes that "hazardous or toxic chemicals" is not defined in § 2305.10. Further, the Court has found no caselaw from courts in the State of Ohio on this issue. In the Court's view, a plain reading of the statutory exception fails to support Plaintiff's theory that a component part of a product can bring the product within the "hazardous or toxic chemical" exception to the two year statute of limitations.

It is a basic rule of statutory construction that "[t]here is no authority . . . to add to, enlarge, supply, expand, extend or improve the provisions of the statute to meet a situation not provided for." *Vought Industries, Inc. v. Tracy*, 72 Ohio St.3d 261, 265 (1995), citing *State ex rel. Foster v. Evatt*, 144 Ohio St. 65 (1944). It is of some importance that, in crafting the legislation, the Ohio General Assembly limited exceptions to the two year statute of limitations to medications which must be prescribed by a physician. By specifically exempting only prescription medications, it is clear that non-prescription, over-the-counter drugs are therefore excluded. This omission of non-prescription drugs cannot be overcome by claiming a non-prescription drug is covered by the more general "hazardous or toxic chemical exception."

Plaintiff raises three additional arguments as to why his claim should not be barred by the statute of limitations. First, Plaintiff argues that fraud tolls the statute of limitations. According to Plaintiff, the Defendants engaged in fraud by failing to disclose that use of Zicam Cold Remedy Nasal Spray is associated with loss of sense of smell. (*Memorandum contra* at 5-6). Plaintiff cites to two decisions in this regard, *Burr v. Stark Cty. Bd. of Commissioners*, 23 Ohio St.3d 69 (1986) and *Hrastar v. Thompson*, No. 2000G2276, 2001 WL 1301539 (Ohio App. Oct. 26, 2001). Both cases deal with causes of action for fraud and both cases hold that, in Ohio, the

cause of action "'does not accrue until the fraud and wrongdoer are actually discovered.'" *Id.* at *1, quoting *Burr*, syllabus ¶ 3. As Defendants in this case point out, Plaintiff is not bringing a claim of fraud, but rather a claim of product liability. Thus, the decisions in *Burr* and *Hrastar* are not helpful. Moreover, R.C. § 2305.09[1], which provides that a cause of action does not accrue until fraud is discovered, applies "only where fraud is the ground or gist of the action." *Shrewsbury v. Smith*, 511 F.2d 1058, 1059 (6th Cir. 1975) (citations omitted). Since the ground or gist of Plaintiff's claim is not fraud, § 2305.09 does not apply[2]. Plaintiff's argument that the statute of limitations should be tolled based on fraud is without merit.

Second, Plaintiff argues that his continued use of Zicam Cold Remedy Nasal Spray until 2004 operates to toll the two year statute of limitations. Plaintiff cites *Craver v. Doogan*, No. CA2005-06-055, 2006 WL 902420 (Ohio App. April 10, 2006) in this regard. In *Craver*, the court applied the continuing tort doctrine, which means that the statute of limitations does not ordinarily begin to run until the tortious conduct is complete. *Id.* at *3, citing *Boll v. Griffith*, 41 Ohio App.3d 356, 358 (1987). The theory behind the doctrine is that where there is a continuing act, there is constant or new damage which extends the statute of limitations. In this case,

---

[1] The statute provides:
An action for any of the following causes shall be brought within four years after the cause thereof accrued:
(A) For trespassing upon real property;
(B) For the recovery of personal property, or for taking or detaining it;
(C) For relief on the ground of fraud;
(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code;
(E) For relief on the grounds of a physical or regulatory taking of real property.
If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.

[2] The Court notes that R.C. § 2305.09(D) specifically excludes a claim under R.C. § 2305.10.

6

however, Plaintiff alleges in his Complaint that the damage was complete within a week of his first use of the Zicam Cold Remedy Nasal Spray. (*Complaint* at ¶ 16). Thus, the Court concludes this is not a case which lends itself to application of the continuing tort doctrine under Ohio law.

Third, Plaintiff argues that a retroactive application of § 2305.10 violates the Ohio Constitution. The current version of the statute became effective on April 7, 2005. Plaintiff filed the instant action on April 13, 2006[3]. As the Defendants point out, Plaintiff failed to indicate, upon filing this action, that the constitutionality of a state statute would be an issue in this case. Since the Ohio Attorney General has not been advised of the Plaintiff's challenge[4], the Court declines to consider the constitutionality issue at this juncture. Plaintiff's counsel shall advise the Court by written filing, within ten days of the date of this Order, as to whether Plaintiff desires the Court to notify the Ohio Attorney General of a challenge to R.C. § 2305.10. At this time, the Defendants' Motion to Dismiss will be denied without prejudice to renewal depending

---

[3]In challenging the constitutionality of revised version of the statute, Plaintiff claims that he is unable to take advantage of the broader discovery rule that existed under the prior version of the statute.

[4]Under 28 U.S.C. § 2403(b), the State Attorney General is to be permitted an opportunity to defend the constitutionality of a state statute. The statute provides:
(b) In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

upon whether the Plaintiff intends to pursue a constitutional challenge[5].

The Court notes that, on March 8, 2007, Plaintiff filed a Motion to Defer Ruling on the Motion to Dismiss until receipt of certain discovery. Plaintiff represents that he "may supplement his response to Defendant's motion to dismiss based on information contained in that discovery." (Doc. #19). In the Court's view, the receipt of certain discovery would not aid in resolving the present motion to dismiss. Thus, the Plaintiff's request to defer ruling is denied.

### IV.

The Defendants' Motion to Dismiss (**Doc. #3**) is **DENIED without prejudice** to renewal. The Plaintiff shall notify the Court, by written filing, within **ten (10) days** of the date of this Order whether he intends to pursue the constitutional challenge. If Plaintiff elects to proceed with a challenge, the Court will notify the Ohio Attorney General, in accordance with 28 U.S.C. § 2403(b). Plaintiff's Motion to Defer Ruling on the Motion to Dismiss (**Doc. #19**) is **DENIED**.

**IT IS SO ORDERED.**

3-22-2007
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[5]For the reasons stated in this *Opinion and Order*, the Defendants' Motion to Dismiss is otherwise meritorious. The Defendants may renew their Motion to Dismiss, on the constitutionality issue only, at a later time if Plaintiff elects to pursue the challenge.