IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT RIFE, JR., et al., | ) | CASE NO. C2 06 267 |
| | ) | |
| Plaintiffs, | ) | JUDGE EDMUND A. SARGUS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MARK R. ABEL |
| | ) | |
| MATRIXX INITIATIVES, INC., et al. | ) | **DEFENDANTS' RENEWED MOTION** |
| | ) | **TO DISMISS** |
| Defendants. | ) | |
| | ) | |

Defendants Matrixx Initiatives, Inc. and Zicam, LLC ("Defendants"), by and through counsel and in accordance with this Court's March 23, 2007 Opinion and Order, hereby renew their Motion to Dismiss previously filed on July 7, 2006.  Defendants also herein respond to Plaintiffs' Motion for Clarification ("Plaintiffs' Motion") because all issues raised in Plaintiffs' Motion have already been decided in this Court's recent Opinion and Order.  Given Plaintiffs' decision not to challenge the constitutionality of R.C. 2305.10 (as conceded in Plaintiffs' Motion, at p. 2), all of Plaintiffs' claims are time-barred, and Defendants' Motion to Dismiss should be granted without further delay.

Defendants incorporate by reference, as if fully set forth herein, their previously filed Motion to Dismiss (Exhibit A), and Reply Brief in Support of Motion to Dismiss (Exhibit B).  A Memorandum in Support of this Motion is also attached hereto and incorporated herein.

- 2 -

    Respectfully submitted,

    *EDWARD E. TABER*
    ROBERT C. TUCKER (0013098)
    EDWARD E. TABER (0066707)
    JEFFREY M. WHITESELL (0068677)
    TUCKER ELLIS & WEST LLP
    1150 Huntington Building
    925 Euclid Avenue
    Cleveland, Ohio 44115 - 1414
    Tel:    (216) 592-5000
    Fax:    (216) 592-5009
    Email:   robert.tucker@tuckerellis.com
              edward.taber@tuckerellis.com
              jeffrey.whitesell@tuckerellis.com

    Attorneys for Defendants
    Matrixx Initiatives, Inc. and Zicam, LLC

OF COUNSEL:

CHARLES F. PREUSS
ALAN J. LAZARUS
HILLARY S. WEINER
Drinker Biddle & Reath LLP
50 Fremont Street – 20th Fl.
San Francisco, CA 94105-2235
Phone:  415.591.7500
Fax:     415.591.7510

Attorneys for Defendants
Matrixx Initiatives, Inc.
Zicam, LLC

**MEMORANDUM IN SUPPORT**

In its Opinion and Order entered on March 23, 2007, this Court properly ruled that:

(1) Defendants' Motion to Dismiss is "meritorious" (Opinion and Order, at p. 8, fn 5);

(2) Zicam® is not an "ethical drug" under the exceptions set forth in R.C. 2305.10(B)(1) to the application of the two year statute of limitations (Opinion and Order, at p. 4);

(3) Zicam® is not a "hazardous or toxic chemical" under the exceptions set forth in R.C. 2305.10(B)(1) to the application of the two year statute of limitations (Opinion and Order, at p. 5);

(4) Plaintiffs' claims are for product liability, not fraud (Opinion and Order, at p. 6); and

(5) There was no continued use of Zicam® for application of the continuing tort doctrine (Opinion and Order, at p. 7).

Despite these findings, Plaintiffs filed their recent Motion *re*asserting that (1) Defendants' Motion to Dismiss addresses only Plaintiffs' product liability claims; (2) the component zinc contained in Zicam® qualifies as a hazardous and toxic substance under one of the exceptions to the statute of limitations set forth in R.C. § 2305.10; (3) the alleged fraud tolls the statute of limitations; and (4) the discovery rule applies to their claims. (See Plaintiffs' Motion.) However, as listed above, all of these arguments by the Plaintiffs were already rejected in this Court's Opinion and Order.

First, Defendants' Motion to Dismiss *does* and *did* address every one of Plaintiffs' claims, not just the "statutory product liability" claims. Ohio Revised Code Sections 2307.71 through 2307.80 provide the exclusive remedy for Plaintiffs to pursue their product liability claims against the Defendants. Specifically, O.R.C. Section 2307.71(B) states: "Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate *all* common law product liability causes of

action." (emphasis added)  Thus, *all* of Plaintiffs' claims are subject to Defendants' Motion to Dismiss, and this Court's ruling thereon.

Plaintiffs next renew (in Plaintiffs' Motion) their already-rejected argument that the component zinc contained in Zicam® qualifies as a "hazardous and toxic substance" falling under one of the exceptions to the statute of limitations set forth in R.C. § 2305.10.  Again, this Court has already decided this issue to the contrary and found that "a plain reading of the statutory exception fails to support Plaintiffs' theory that a component part of a product can bring the product within the 'hazardous or toxic chemical' exception to the two-year statute of limitations period."  (*See* Opinion and Order, at p. 5.)

Plaintiffs also renew their already-rejected argument that the alleged fraud tolls the statute of limitations.  Again, this Court already decided this issue and found that the "ground or gist of Plaintiffs' claim is not fraud" and, therefore, "Plaintiffs' argument that the statute of limitations should be tolled based on fraud is without merit."  (*See* Opinion and Order, at p. 6.)

Lastly, Plaintiffs renew their already-rejected argument that the discovery rule applies to their claims.  However, as discussed above, this Court has already decided that Plaintiffs' claims do not fall within the application of the very limited discovery rule as set forth in R.C. § 2305.10(B)(1) because: (1) Zicam® is not an ethical drug; and (2) Zicam® is not a "hazardous or toxic chemical."  (*See* Opinion and Order, at pp. 4-5.)

Despite Plaintiffs' creative and recycled attempts to extend the statute of limitations, this Court found that Defendants' Motion to Dismiss is "meritorious" because Plaintiffs' claims do not fall within any of the exceptions to the statute of limitations in R.C. § 2305.10(A), nor do they fall within the application of the very limited discovery rule set forth in R.C. § 2305.10(B)(1).  Accordingly, since Plaintiffs candidly acknowledge that they are "not going to

challenge the constitutionality of Ohio Rev. Code 2305.10," (Plaintiffs' Motion, at p. 2), Plaintiffs' product liability claims should be dismissed without further proceedings.

        Respectfully submitted,

        *EDWARD E. TABER*
        ROBERT C. TUCKER (0013098)
        EDWARD E. TABER (0066707)
        JEFFREY M. WHITESELL (0068677)
        TUCKER ELLIS & WEST LLP
        1150 Huntington Building
        925 Euclid Avenue
        Cleveland, Ohio 44115 - 1414
        Tel:   (216) 592-5000
        Fax:   (216) 592-5009
        Email:   robert.tucker@tuckerellis.com
                edward.taber@tuckerellis.com
                jeffrey.whitesell@tuckerellis.com

        Attorneys for Defendants
        Matrixx Initiatives, Inc. and Zicam, LLC

OF COUNSEL:

CHARLES F. PREUSS
ALAN J. LAZARUS
HILLARY S. WEINER
Drinker Biddle & Reath LLP
50 Fremont Street – 20th Fl.
San Francisco, CA 94105-2235
Phone:  415.591.7500
Fax:    415.591.7510

Attorneys for Defendants
Matrixx Initiatives, Inc.
Zicam, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 1, 2007 a copy of the foregoing Defendants' Renewed Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                            *EDWARD E. TABER*
                                            One of the Attorneys for Defendants
                                            Matrixx Initiatives, Inc. and Zicam, LLC

**10896.00002.934538.1**