IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DWIGHT RIFE, JR., et al.,
    Plaintiffs,

v.                                          Case No. 2:06-CV-267
                                                JUDGE EDMUND A. SARGUS, JR.
                                                Magistrate Judge Mark R. Abel

MATRIXX INITIATIVES, INC., et al.,
    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiffs' Motion for Clarification (Doc. #23) and the Defendants' Renewed Motion to Dismiss (Doc. #25). For the reasons that follow, the Plaintiffs' motion is denied and the Defendants' motion is granted.

### I.

On March 23, 2007, this Court issued an *Opinion and Order* denying without prejudice to renewal the Defendants' Motion to Dismiss the Plaintiffs' Complaint. The Complaint presented a claim of product liability and a derivative claim for loss of consortium under Ohio law. The Defendants moved to dismiss, alleging that Plaintiffs' Complaint was time-barred. The Court concluded that Plaintiff's product liability claim was indeed time-barred under the relevant statute of limitations, R.C. § 2305.10.

In opposing the Defendants' motion to dismiss, Plaintiff argued that a retroactive application of the statute of limitations violated the Ohio Constitution. As the Court explained, the current version of § 2305.10 became effective on April 7, 2005. Plaintiff filed this action on April 13, 2006. The Court allowed Plaintiff an opportunity to make a written filing indicating

"whether Plaintiff desires the Court to notify the Ohio Attorney General of a challenge to R.C. § 2305.10," in accordance with 28 U.S.C. § 2403(b). (Doc. #21 at 7). The Court held that the motion to dismiss was otherwise meritorious but would be held in abeyance pending notification from the Plaintiff.

In response to the Court's Order, the Plaintiff filed a Motion for Clarification, which essentially reargues the merits of the Motion to Dismiss. Plaintiff also indicates that he "is not going to challenge the constitutionality of Ohio Rev. Code § 2305.10." (Doc. #23 at 2). In response, the Defendants have filed a renewed Motion to Dismiss.

Plaintiffs' renewed arguments in opposition to the Defendants' Motion to Dismiss will not be considered since they have already been addressed in the Court's March 23, 2007 *Opinion and Order*. In view of Plaintiffs' stated intent not to challenge the constitutionality of R.C. § 2305.10, the Defendants' renewed Motion to Dismiss is meritorious.

## II.

The Plaintiffs' Motion for Clarification (**Doc. #23**) is **DENIED**. The Defendants' renewed Motion to Dismiss (**Doc. #25**) is **GRANTED**. This case is **DISMISSED**. The Clerk is **DIRECTED** to enter Judgment in favor of Defendants pursuant to this Court's March 23, 2007 *Opinion and Order*.

**IT IS SO ORDERED.**

6-25-2007
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

2